FRANCKLOW et al. v. ULLMANN, STERN & KRAUSSE, Inc.   (No. 7649.)

(Court of Civil Appeals of Texas.   Galveston. June 5, 1919.   Rehearing Denied July 3, 1919.)

1. APPEAL AND ERROR ⬥⟹1010(1)—REVIEW—FINDING.

Finding of fact amply supported by evidence is conclusive on appeal.

2. JUDGMENT ⬥⟹668(1)—RECEIVERSHIP PROCEEDINGS—PERSONS CONCLUDED.

All parties in receivership suit are bound by judgment therein.

3. BILLS AND NOTES ⬥⟹106—ILLEGALITY OF CONSIDERATION.

Even though an agreement between a mortgagee and another creditor of mortgagor that such creditor should participate with the mortgagee in the mortgage security was illegal under Bankr. Act, § 29b, subd. 5, because given by mortgagee in consideration of such creditor's refraining from instituting bankruptcy proceedings and setting aside the mortgage as an unlawful preference, yet where the agreement was carried out, and title to the mortgaged property vested by foreclosure in mortgagee, the illegality of such agreement was no defense to third parties on their note to such creditor for the full amount of his claim against the mortgagor, which note was given by them as part payment on their purchase from the mortgagee of the property acquired by such foreclosure.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by Ullmann, Stern & Krausse, Incorporated, against J. H. Francklow and others. Judgment for plaintiff, and defendants appeal.   Affirmed.

W. W. Meachum, Jr., McDonald Meachum, and L. C. Kemp, all of Houston, for appellants.

Mart H. Royston, of Galveston, for appellee.

PLEASANTS, C. J.   This suit was brought by appellee against appellants J. H. Francklow, J. T. Keisler, and Reid Rikard, to recover upon a promissory note for the sum of $1,808.51 executed by appellants on May 15, 1915, and payable to appellee on or before May 17, 1916, with interest from date at the rate of 8 per cent. per annum, and providing for 10 per cent. attorney's fees in event it was not paid at maturity and was placed in the hands of an attorney for collection.

The answer of defendants, in addition to a general demurrer and general denial, avers, in substance, that the note was executed without any consideration therefor, and is also void and unenforceable because it was executed in furtherance of a fraudulent and illegal agreement. The facts upon which the plea of want and illegality of consideration is based are set out in full in the answer, and may be briefly summarized as follows:

D. E. Keisler & Son, a firm engaged in operating a mill for the manufacture of lumber, and also in conducting a mercantile business in Grimes county, became indebted to a number of persons in 1914, and in the early part of that year the business and properties of said firm were, in a suit brought by the Farmers' State Bank of Shiro, placed in the hands of a receiver. Said bank, of which defendants were stockholders and directors, was the largest creditor of the firm, and held a mortgage upon all of the firm's property to secure the amount due it. The firm was indebted to appellee for goods and merchandise sold it in the sum of $1,662.21, and was indebted to various other persons in various amounts. After it had secured the appointment of a temporary receiver the bank wrote to appellee requesting it to join in the receivership proceedings, and co-operate with it in resisting any attempt on the part of other creditors to prevent the administration of the debtor's properties by a receiver. In response to this request appellee sent an agent to Grimes county to investigate the business affairs of Keisler & Son, and determine whether it was best for appellee's interest to join the bank in the receivership proceedings. This agent, having ascertained that the mortgages or deeds of trust by which the bank's claims were secured had been executed less than four months, informed the bank that appellee would not join it in the receivership proceedings unless it would agree that appellee's debt should be protected by the security held by the bank, and that unless the bank would agree to this appellee would institute proceedings in bankruptcy against Keisler & Son and have the lien of the bank set aside, such lien being an unlawful preference under the bankruptcy act. The bank acceded to appellee's demand, and said parties entered into the following written agreement:

"Anderson, Texas, May 13, 1914.

"It is agreed that the Farmers' State Bank of Shiro, Texas, and Ullmann, Stern & Krausse, Inc., of Galveston, Texas, shall both participate in the security held by the Farmers' State Bank of Shiro, Texas, given it by D. E. Keisler & Son, in proportion to the amount due the said parties by the said Keisler & Son.

"[Signed]  Farmers' State Bank,
           "By Reid Rickard, Pres.
"Ullmann, Stern & Krausse, Inc.
           "Per A. L. Wright, Sec'y."

This agreement was carried out by both of the parties thereto.

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The receivership was made permanent, and all of the general creditors of the debtor firm, including appellee, intervened in the suit, proved their claims, and obtained judgments therefor.

The claim of the bank was allowed as a secured claim, and the property covered by the chattel mortgage and deed of trust was ordered sold to satisfy said claim.

This property, which included practically all of the assets of Keisler & Son, was sold by the receiver and bought in by the bank for a sum less than the amount of its judgment. No money was actually paid by the bank for the property, the amount of its bid being placed as a credit on its judgment.

After setting out the facts above stated, they further aver:

"After said bank had purchased the property under a foreclosure had in said receivership proceedings, bidding in said property and crediting the amount so paid upon its said debt against the said insolvent firm, and had obtained a conveyance from the receiver of said insolvent firm to such property, and after the unsecured creditors, or a great majority thereof, had received nothing upon their debts against said insolvent firm by reason of the unlawful acts and preference brought about in favor of appellee and said bank by said secret agreement, and in furtherance of said agreement, appellee demanded of these appellants that, pending the working out or realization into money of said property included within and covered by said secret agreement, deed of trust, and chattel mortgages to which said bank had and then held such conveyance, and pending the payment by said bank of the amount or proceeds from said property owing appellee by said bank as a result of and under said secret agreement, and when said bank realized its money from the handling, working out, or sale of said property so purchased by said bank under such foreclosure, these appellants should execute to said appellee the note sued upon as a matter of form, that appellee's books might show the account closed by note, the same to be held by appellee and thereafter surrendered to these appellants without charge upon them, it being the understanding between appellee and appellants prior to and at the time of the execution of said note sued upon that the same was executed in response to appellee's demands and for the purposes aforesaid, said note being executed for the sum stated therein, this being the amount of appellee's debt against said insolvent firm of D. E. Keisler & Son, with interest, which had already been proven up in the said receivership proceedings, as appellee than and there well knew; appellants alleging that all such acts and agreements, including the execution of said note for whatever purpose executed, being done as a part of, or pursuant to and in furtherance of, and in finally forwarding and carrying out, or as the immediate result of, said secret transaction, agreement, unlawful scheme, or enterprise heretofore fully set forth; and that neither of these appellants have ever received any money or other good and valuable consideration whatsoever for the execution of said note, nor were said appellants, or either of them, at and before the execution of said note, indebted to the said appellee in any sum whatsoever, but that said note was executed pursuant to, or as a part of, or in aid of, and as the immediate result and in furtherance of, said secret agreement, scheme, and understanding, and that there was no consideration whatsoever for said note except as hereinbefore stated."

The cause was tried in the court below without a jury, and judgment rendered in favor of plaintiff for the amount due upon the note.

The evidence shows that on May 31, 1915, the bank conveyed all the property, which consisted of timber lands, timber rights, a lumber mill, and also a number of live stock and other personal property, to the defendant Francklow for a recited cash consideration of $5,500. Prior to this conveyance by the bank to Francklow he and the other defendants had agreed with the bank that they would take over the property upon terms satisfactory to the bank, and for this purpose had agreed with each other to organize a corporation to operate the properties. In pursuance of this agreement they organized a corporation called the Tri-County Lumber Company. Francklow did not pay the bank the consideration recited in the deed to him, and only held the title to the property pending the organization of the corporation by agreement of the parties and to get it off the books of the bank. After the corporation was formed he conveyed all of the property to it, and in consideration therefor the defendants executed their joint note in favor of the bank for the amount of its judgment against Keisler & Son, and also the note sued on in favor of appellee for the amount of its judgment against said firm.

There is conflict in the testimony upon this issue, but the evidence is amply sufficient to sustain the finding of the trial court that the notes given the bank and the appellee by the defendants were for the agreed purchase price of the property, and were intended, as they purported, to be unconditional promises to pay the sums therein specified.

[1] We think this fact finding is decisive of this appeal.

Appellants very earnestly contend that payment of the note cannot be enforced because its execution was an incident to and grew out of the alleged unlawful agreement between the bank and appellee. The following assignments present appellants' contentions upon this question:

"Third Assignment of Error: The trial court erred, to the prejudice of the defendants and each of them, in rendering judgment in favor of the plaintiff, and in failing and refusing to render judgment in favor of the defendants, because it affirmatively appears from the evidence that the note sued upon was but the final proceeds and fruit of a secret agreement between the plaintiffs and the Farmers' State Bank, which was illegal and void, because such agreement, and the acts done in pursuance thereof

and in connection therewith, was and constituted a fraud upon the other unsecured creditors of D. E. Keisler & Son, and was made in order that the plaintiff might reap the benefits, as against the other unsecured creditors of said firm, which was then and there known to be insolvent, of a secret preference and agreement, violative of law and sound public policy and good morals.

"Fourth Assignment of Error: The trial court erred, to the prejudice of the defendants and each of them, in rendering judgment in favor of plaintiff, and in failing and ·refusing to render judgment in favor of the defendants, because it affirmatively appears from the evidence that the note sued upon was but the final proceeds and fruit of a secret agreement, scheme, and enterprise, which was illegal and void, and was against public policy and immoral, because affording plaintiff a secret preference, and resulting in its obtaining more than its proportionate share of the estate of D. E. Keisler & Son; and, further, because said agreement, and acts done pursuant thereto, and in furtherance thereof, and in connection therewith, was a scheme between the plaintiff and the Farmers' State Bank to defraud others, and therefore illegal and void.

"Fifth Assignment of Error: The trial court erred, to the prejudice of the defendants and each of them, in rendering judgment in favor of the plaintiff, and in failing and refusing to render judgment in favor of the defendants, because it affirmatively appears from the evidence that the note sued upon was but the final proceeds and fruit of a secret agreement, scheme, and enterprise, and acts done in pursuance thereof and in connection therewith, between the plaintiff and the Farmers' State Bank, which agreement, scheme, enterprise, and acts were illegal and void, because constituting a fraud upon the district court of Grimes county, Texas, for the reason that plaintiff, pretending to be an unsecured creditor, proved up its claim in the receivership proceedings pending in said court against D. E. Keisler & Son as an unsecured creditor, and took judgment therefor, and thereby represented under oath to said court that it· (plaintiff) was an unsecured creditor, when in truth and in fact, under said agreement, scheme, and enterprise, it was then and there relying upon and claiming to have security for its debts, and to be jointly interested in the banks' deed of trust, without disclosing the same, which was likewise proven up in the name of the bank; all of which was then and there a fraud upon the court, as well as the other unsecured creditors of the said firm of D. E. Keisler & Son, violative of law and of sound public policy and morals."

If it be conceded that the agreement between the bank and appellee was, as contended by appellant, against public policy and unenforceable by either of the parties thereto, the fact remains that the agreement was carried out by the parties, and appellee's interest in the property, the title to which was vested in the bank by the foreclosure and sale thereunder, was recognized by the bank and by the appellants. There can be no question that the bank obtained the title to the property under the foreclosure sale.

[2, 3] All of .the parties in the receivership suit are bound by the judgment therein, which is not subject to collateral attack in this suit, and the facts alleged by appellants disclosed by the evidence in this case would not render the judgment of foreclosure invalid in a direct proceeding to have the judgment set aside.

The foreclosure was not had in bankruptcy proceedings, no such proceedings were pending at the time the alleged illegal agreement was made, and none was thereafter instituted. The date of the mortgage and trust deed was a matter of public record, and the facts tending to show the insolvency of Keisler & Son were as open to all of the creditors of said firm as they were to appellee. No concealment of any of these facts by the appellee is shown. In these circumstances it cannot be held that in obtaining the judgment of foreclosure any fraud was practiced upon the court or upon the other creditors of the insolvent firm. If subdivision 5 of section 29b of the federal Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 554 (U. S. Comp. St. § 9613), which inhibits "extorting or attempting to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings," rendered the agreement between appellee and the bank illegal and unenforceable, such illegality in the agreement would not affect the validity of the judgment of foreclosure, nor of the bank's title to the property acquired thereunder. If the bank, notwithstanding it was not bound by its agreement with appellee, saw fit to recognize appellee's interest in the property, and appellants agreed with the bank and appellee to purchase the property, taking · the title from the bank, and as a part consideration therefor executing .their note to appellee for its claim or interest in the property, they cannot deny the validity of their note on the ground that the bank was not bound by the illegal agreement made by .it with the appellee.

It would hardly be contended that if ·A. should win a horse from B. in a game of cards, and B. delivered the horse and abandoned all claim thereto, and thereafter A. sold the horse to C., taking his note therefor, that C. could defeat a suit brought by A. on the note on the ground that A. got the horse through an unlawful transaction with B. We think this illustration shows the unsoundness of appellants' contention.

It would serve no useful purpose to set out or discuss separately the various assignments presented in appellants' brief. The facts upon which appellants base their defense of illegality of consideration for the execution of the note are undisputed, and in our opinion wholly fail to establish such defense. If this conclusion is sound, our further conclusion that the finding of the trial court that the appellants executed the note in

consideration of the conveyance of the property to them by the bank, and that they and the appellee intended and understood said note to be an absolute unconditional promise to pay the sum therein named according to its terms, is amply supported by the evidence, destroys the other defense that the note was only executed as a matter of form and with the understanding of all parties that it was not to be paid unless the Tri-County Lumber Company could obtain sufficient money therefor by the operation or sale of the properties conveyed to it by the bank, and requires an affirmance of the judgment. We omitted to state in our findings of fact that the Tri-County Lumber Company failed in its attempt to successfully operate the properties, and a sale thereof by it of a greater portion, if not all, of the property only realized a sufficient amount to pay the cost of operation and other valid claims against the corporation.

It follows from the conclusions above stated that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.